UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

COTINA MACHELLE SIMPSON            PLAINTIFF

V.            CAUSE NO. 1:20-CV-011-GHD-DAS

CLC OF WEST POINT, D/B/A WEST
POINT COMMUNITY LIVING CENTER            DEFENDANT

**OPINION GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Presently before the Court is the Defendant's motion for summary judgment [39]. Upon due consideration and for the reasons set forth below, the Court finds that the motion should be granted in part and denied in part.

**I.    Factual and Procedural Background**

The Plaintiff, a licensed practical nurse ("LPN"), was employed by the Defendant CLC of West Point ("CLC"), a skilled nursing facility providing long term care to its residents, as an LPN beginning in 2005. Beginning in 2016, the Plaintiff suffered a series of work-related injuries, including to her right and left rotator cuffs in 2016 and 2017, as well as carpal tunnel syndrome in her right wrist in 2018. [Pl.'s Amended Compl., Doc. 17, at p. 3]. Following the Plaintiff's return to work in December 2017 after rotator cuff surgery, she worked light duty as an administrative LPN until May 2018. [Doc. 17, at p. 3]. The Plaintiff then filed for FMLA leave on June 19, 2018, and had carpal tunnel surgery on July 12, 2018. [*Id.*] In the meantime, the Plaintiff reported for work on July 2, 2018, wherein she was sent home after being told that CLC was reviewing its light duty policy and would provide her with an update. [Doc. 45-20]. Then, on October 1, 2018, after her surgery, the Plaintiff's physician released her to return to work with restricted duties. [Doc.

45-25]. That same day, the Plaintiff notified CLC that she was ready to return to work in accordance with her physician's guidance [Doc. 45-1, at pp. 29-31, 38-39]. The Plaintiff was not permitted to return to work. [Doc. 45-26]. CLC then terminated the Plaintiff's employment on January 2, 2019. [Ex. 39-5].

On November 13, 2018, the Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging disability discrimination in relation to her attempts to return to work on July 2, 2018, and October 1, 2018.[1] [Doc. 17-1]. The EEOC issued the Plaintiff a Right to Sue letter [Doc. 17–2] on September 6, 2019, and the Plaintiff timely filed her complaint in this matter [Doc. 2]. In her complaint, the Plaintiff alleges that CLC discriminated against her in violation of the ADA when it, *inter alia*, failed to allow the Plaintiff to return to work on October 1, 2018, and that CLC violated the FMLA for alleged retaliation after the Plaintiff took FMLA leave. CLC now moves for summary judgment as to the Plaintiff's claims.

## II. Standard of Review

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(a)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of

---

[1] This was the second Charge of Discrimination that the Plaintiff has filed against CLC. She also filed a Charge of Discrimination on August 2, 2016 [Doc. 39-12], which the Court further discusses herein.

2

an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. See *id.* "An issue of fact is material only if 'its resolution could affect the outcome of the action.'" *Manning v. Chevron Chem. Co., LLC*, 332 F.3d 874, 877 (5th Cir. 2003) (quoting *Wyatt v. Hunt Plywood Co.*, 297 F.3d 405, 408 (5th Cir. 2002)). The burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). The Court "resolve[s] factual controversies in favor of the nonmoving party, but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Antoine v. First Student, Inc.*, 713 F.3d 824, 830 (5th Cir. 2013) (quoting *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005)). "[T]he nonmoving party 'cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.'" *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007) (quoting *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 343 (5th Cir. 2007)).

**III. Analysis**

    *A.    <u>The Plaintiff's FMLA Claim</u>*

    As an initial matter, the Court finds that the Plaintiff's FMLA claim should be dismissed. The Plaintiff undisputedly filed for and commenced FMLA leave on June 19, 2018; her FMLA leave thus expired twelve weeks later, on September 11, 2018, which is twenty days before she was released by her physician to work with restrictions. [Docs. 39-4, 45-25]. As the Fifth Circuit has held, "[i]f an employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement [under the FMLA] also expires." *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 763 (5th Cir. 2001). Accordingly, because the Plaintiff's FMLA leave expired twenty days before she was released to work, her claim under the FMLA is without merit. The Court shall therefore grant CLC's motion for summary judgment in regard to the Plaintiff's FMLA claim. The Court notes that the right to reinstatement conferred by the FMLA, and the expiration of that right at the end of FMLA leave, does not apply to the Plaintiff's ADA claim in relation to her October 1, 2018, attempt to return to work because she was an employee of CLC until January 2, 2019, and as such was protected from discrimination under the ADA until that date.

    *B.    <u>Claims Asserted in the Plaintiff's 2016 Charge of Discrimination</u>*

    Next, the Court turns to any claims for disability discrimination the Plaintiff may be asserting that are not delineated in her operative November 13, 2018, EEOC Charge. It is axiomatic that plaintiffs in employment discrimination matters "must exhaust administrative remedies before pursuing claims in federal court." *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378-79 (5th Cir. 2002). Further, to bring suit in federal court

4

after the exhaustion of administrative remedies, a plaintiff must file suit within ninety days of receipt of the EEOC's Notice of Right to Sue. *Taylor*, 296 F.3d at 379. The Plaintiff, who suffered a work-related shoulder injury in 2016, filed an EEOC Charge of Discrimination on August 2, 2016, related to her return to work after that injury. [Doc. 39-12]. The EEOC issued the Plaintiff a Right to Sue Notice on September 15, 2017, which gave the Plaintiff ninety days from that date to file suit in federal court related to her allegations. [Doc. 39-13]. The Plaintiff failed to file suit regarding those allegations. Accordingly, the Court finds that any claim the Plaintiff is asserting herein that was the subject of her 2016 EEOC Charge and Notice of Right to Sue is time-barred and shall be dismissed.

### C. *The Plaintiff's ADA Claim*

Finally, the Plaintiff asserts that CLC violated the ADA when it failed to permit her to return to work with restrictions on July 2, 2018 (temporarily, until her surgery on July 12, 2018) and, primarily, on October 1, 2018, after her physician released her to work with restrictions. Under the ADA, it is unlawful for an employer "to discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a). Such unlawful discrimination can include not making reasonable accommodations to the known physical limitations of an otherwise qualified individual. 42 U.S.C. § 12112(b)(5)(A).

To establish a *prima facie* case of discrimination under the ADA and survive a summary judgment motion, a plaintiff must demonstrate that (1) she has a disability; (2) she was qualified for the subject job; and (3) she was subject to an adverse employment action on account of her disability. The Defendant does not dispute that the Plaintiff has a disability, and the Court finds that the Plaintiff does suffer from at least one disability under

5

the ADA, namely carpal tunnel syndrome; accordingly, the first element of the test is met. [Doc. 40, at p. 13]. Next, the Plaintiff must proffer evidence that she was a qualified individual, which means that she, as an individual with a disability, can perform the essential functions of the subject job with or without reasonable accommodation. *Gonzales v. City of New Braunfels*, 176 F.3d 834, 837 (5th Cir. 1999). The Court finds that the Plaintiff has met her burden with respect to this element of the test. She was performing her duties as an administrative LPN prior to her FMLA leave, and was released by her physician on October 1, 2018, to return to work with restrictions/accommodations that would permit her to continue performing that job. The Court therefore finds that the Plaintiff has proffered sufficient evidence as to whether she was able to perform the essential functions of her job with reasonable accommodations. Accordingly, the Court finds that the second element of the test has been sufficiently met. Finally, with respect to the test's third element, the Court finds that the Plaintiff has met her burden. The Plaintiff presented herself to CLC as released to work with restrictions on October 1, 2018; CLC, however, did not permit her to return despite the fact that the Plaintiff had previously performed the subject job with accommodations and at least two other CLC employees were permitted to work with accommodations. [Docs. 45-1, at p. 26; 45-21, at pp. 7-9; 45-22]. The Plaintiff has proffered evidence that CLC considered her disability in making its decision, which the Court finds sufficient at this stage of the proceedings to demonstrate that the Plaintiff was subject to an adverse employment action on account of her disability. [Doc. 45-26]. At this juncture, the Court finds that the Plaintiff has therefore presented

sufficient evidence to proceed on her claim for ADA discrimination. The Defendant's motion for summary judgment shall therefore be denied as to this claim.[2]

IV. **Conclusion**

For all of the foregoing reasons, the Court finds that the Defendant's motion for summary judgment should be granted in part and denied in part. The Court finds that the motion should be granted with respect to the Plaintiff's claim under the Family and Medical Leave Act, and that claim shall be dismissed. The Court further finds that any putative claims based upon the Defendant's conduct in 2016 that were the subject of the Plaintiff's 2016 EEOC Charge of Discrimination are now time-barred and are hereby dismissed. Finally, the Court denies the portion of the Defendant's motion seeking to dismiss the Plaintiff's claim for discrimination under the Americans with Disabilities Act.

An order in accordance with this opinion shall issue this day.

This, the 23rd day of April, 2021.

SENIOR U.S. DISTRICT JUDGE

---

[2] CLC further argues that the Plaintiff's claims should be dismissed under the doctrine of judicial estoppel because the Plaintiff testified in a May 2019 worker's compensation proceeding – which the Court notes was some four months *after* her CLC employment ended and *seven months* after she attempted to return to work at CLC - that she was unable to work in May 2019 due to her medical conditions. [Doc. 45-35, at p. 56]. The doctrine of judicial estoppel prevents a party from asserting a claim in one legal proceeding that is inconsistent with a claim taken by that party in another legal proceeding. *Reed v. City of Arlington*, 650 F.3d 571, 574-75 (5th Cir. 2011). Here, the Court finds no inconsistency whatsoever between the Plaintiff's positions in the two subject legal proceedings – she was asked in the May 2019 deposition about her ability to return to work "right now," *i.e.*, in May 2019. [Doc. 45-35, at p. 56]. She went on to testify, in that same deposition, that the reason she did not return to work in October 2018 was because CLC would not permit her to return to her job with restrictions/accommodations. [*Id.* at p. 34.] Accordingly, the Court finds that there is no inconsistency between the Plaintiff's October 2018 and May 2019 claims. The Court therefore finds that this argument for dismissal is without merit.